EXHIBIT "A"

**No.**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

———————————

IN RE ELDRIDGE JOHNSON, et. al. and
ELDRIDGE JOHNSON, et. al.,
*Plaintiffs-Petitioners*,
v.
THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
*Respondent,*

———————————

UNITED AIRLINES, INC. and CONTINENTAL AIRLINES,

*Defendants-Real Parties In Interest*

———————————

Petition for Writ of Mandamus to the United States District Court for the Northern District of California, Case Nos. 3:12-cv-02730-VC; 3:12-cv-02730-VC; 3:15-cv-00468-VC; 3:15-cv-00456-VC ; 3:15-cv-00469-VC; 3:15-cv-00457-VC ; 3:15-cv-00470-VC; 3:15-cv-00458-VC; 3:15-cv-00471-VC; 3:15-cv-00461-VC; 3:15-cv-00472-VC; 3:15-cv-00462-VC; 3:15-cv-00473-VC; 3:15-cv-00463-VC; 3:15-cv-00474-VC; 3:15-cv-00464-VC; 3:15-cv-00475-VC 3:15-cv-00465-VC; 3:15-cv-00476-VC; 3:15-cv-00466-VC; 3:15-cv-00477-VC, The Honorable Vincent Chhabria, Judge Presiding.

———————————————————————————

**PETITION FOR WRIT OF MANDAMUS VACATING COURT'S AMENDED
ORDER DISMISSING CLAIMS WITH LEAVE TO AMEND**

———————————————————————————

ADVOCATES FOR PETITONERS
SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN 236587)
DOW W. PATTEN, ESQ. (SBN 135931)
353 Sacramento Street, Suite 1120 San Francisco, California 94111
Telephone 415-402-0084 Facsimile 415-520-0104

## **TABLE OF CONTENTS**

**TABLE OF CONTENTS**................................................................i

**TABLE OF AUTHORITIES**.......................................................iii

**INTRODUCTION**.....................................................................1

**JURISDICTION AND VENUE**...................................................1

**BACKGROUND**.......................................................................2

**ISSUES PRESENTED**..............................................................5

**RELIEF SOUGHT**...................................................................5

**LEGAL STANDARD**................................................................6

**ANALYSIS**.............................................................................6

**A.     THE DISTRICT COURT HAS ARTICULATED TWO
         INCONSISTENT RULES OF PLEADING RELATED TO
         UNPOSTED POSITIONS**...................................................6

**1.     The District Court Originally Ruled That Petitioners
         Must Identify Specific Positions Within A Class of
         Unposted Positions In Order to State A Claim For
         Race Discrimination**.............................................7

**2.     The Respondent Court Changes Its Position On
         Requiring Specifics About Positions But Threatens
         To Disqualify Petitioners' Counsel If Petitioners
         Challenge The Same Positions**.................................13

**B.     EACH PETITIONER WILL BE DAMAGED AND
         PREJUDICED IN HIS ABILITY TO SEEK RELIEF
         UNDER TITLE VII**........................................................19

**CONCLUSION**.......................................................................20

**CERTIFICATE OF COMPLIANCE**.................................................22

**STATEMENT OF RELATED CASES**.............................................23

# <u>TABLE OF AUTHORITIES</u>

## Circuit Court Cases

*Arocho v. Nafziger*
        367 Fed.Appx. 942 (10th Cir. 2010)..............................................12

*Bauman v. U.S. Dist. Court*
        557 F.2d 650 (9th Cir. 1977)...........................................................6

*Box v. A & P Tea Co.*
        772 F.2d 1372 (7th Cir. 1985)..............................................5, 8, 17

*Carmichael v. Birmingham Saw Works*
        738 F.2d 1126 (11th Cir. 1984)..........................................8-9, 16

*Claiborne v. Illinois C. Railroad*
        583 F.2d 143 (5th Cir. 1978)..........................................5, 8, 16-17

*Domingo v. New England Fish Co.*
        727 F.2d 1429 (9th Cir. 1984)...................................................4, 18

*Douglas v. U.S. Dist. Court*
        495 F.3d 1062 (9th Cir. 2007).......................................................6

*EEOC v. Metal Serv. Co.*
        *892 F.2d 341 (3d Cir. 1990)*.....................................................4, 16

*Harris v. Birmingham Bd. of Educ.*
        712 F.2d 1377 (11th Cir. 1983)......................................................9

*In re Cement Antitrust Litig.*
        688 F.2d 1297 (9th Cir. 1982).......................................................6

*Lyons v. England*
        307 F.3d 1092, 1101 (9th Cir. 2002).............................................7

*Mauro v. Southern New England Telecommunications, Inc.*
        208 F.3d 384 (2d Cir. 2000)...................................4-5, 8, 12-13, 16

*Menard v. CSX Transp., Inc.*
  698 F.3d 40 (1st Cir. 2012)............................................................13

*Morgan v. Hubert,*
  335 Fed. Appx. 466 (5th Cir.2009)................................................12

*Paxton v. Union Nat'l Bank of Arkansas*
  688 F.2d 552 (8th Cir. 1982)..............................................5, 8, 17

*Penalbert-Rosa v. Fortuno-Burset*
  631 F.3d 592 (1st Cir. 2011)..........................................................13

*Roberts v. Gadsden Mem'l Hosp.*
  835 F.2d 793 (11th Cir. 1988)..................................................4, 16

*Santiago v. Walls*
  599 F.3d 749 (7th Cir.2010)..........................................................12

*Suarez v. Pueblo Int'l, Inc.*
  229 F.3d 49 (1st Cir. 2000)............................................................16

*Valenzuela–Gonzalez v. U.S. Dist. Court*
  915 F.2d 1276 (9th Cir. 1990)..........................................................6

*Whittlestone, Inc. v. Handi-Craft Co.*
  618 F.3d 970 (9th Cir. 2010)........................................................14

*Williams v. Giant Food, Inc.*
  370 F.3d 423 (4th Cir. 2004)..............................................5, 8, 16

**District Court Cases**

*American Rivers v. NOAA Fisheries*
  2006 U.S. Dist. LEXIS 48195 (D. Or. July 14, 2006)...................16

*In re Eagle Enters., Inc.*
  259 B.R. 73 (E.D. Pa. 2001)..........................................................14

*Jones v. AIG Risk Management, Inc.*
  726 F.Supp.2d 1049 (N.D. Cal. 2010)..........................................12

*Keen v. D.P.T. Bus. Sch.*
    2002 U.S. Dist. LEXIS 232 (E.D. Pa. Jan. 9, 2002)............4, 10, 16

*Motorola Inc. v. J.B. Rodgers Mechanical Contractors*
    215 F.R.D. 581 (D. Ariz. 2003).....................................15

*Stockamp & Assocs. v. Accretive Health*
    2005 U.S. Dist. LEXIS 43061 (D. Or. Feb. 18, 2005)..................15

*Tompkins v. LaSalle Bank Corp.*
    2009 U.S. Dist. LEXIS 110299 (N.D. Ill. Nov. 24, 2009)............12

**Statutes**

28 U.S.C. § 1651...................................................................2, 6

**Federal & Local Rules**

Civil L.R. 7-9(c)....................................................................16

Fed. R. Civ. P. 54(b)...............................................................14

Fed. R. App. P. 3(b)(1).............................................................2

Fed. R. App. P. 21..................................................................2

**Secondary Sources**

Arthur R. Miller, *From Conley to Twombly to Iqbal: A Double Play
on the Federal Rules of Civil Procedure*, 60 Duke L.J. 1 (2010)............12

## INTRODUCTION

This action was originally brought by of twenty-three African-American United Airlines Employees from twelve (12) different states for race discrimination in promotions.  Petitioners' lawsuit has been pending in excess of three years in the Northern District of California without an Answer being filed by Real Parties in Interest.  The Respondent District Court initially determined that each Petitioner had stated race discrimination in promotion claims under Title VII and 42 U.S.C. § 1981. After these matters were severed, related, and reassigned to a new judge, the Honorable Vince Chhabria, the Court *sua sponte* dismissed Petitioners' Fifth Amended Complaints without identifying what aspects of the existing Orders were erroneous.  The result of the newly assigned judge's rulings is a record where it is impossible to determine the law of the case.

Further compounding the confusion, is the Respondent Court's ruling that Plaintiff-Petitioners will have no further leave to amend, and will have their counsel disqualified should any two or more Petitioners challenge the same promotion.  These errors in the aggregate can only be corrected by Writ of Mandate.

## JURISDICTION AND VENUE

This petition for the issuance of a writ of mandamus is brought pursuant to

1

Rule 21 of the Federal Rules of Appellate Procedure and the All Writs Act of

1948, 28 U.S.C. § 1651. Furthermore, pursuant to  Federal Rules of Appellate

Procedure Rule 3(b)(1) when two or more parties are entitled to appeal from a

district-court judgment or order, and their interests make joinder practicable, they

may file a joint notice of appeal. Accordingly, Petitioners are proceeding on this

Petitioner for Writ of Mandamus in a single Petition.

## BACKGROUND

Petitioners are African American current and former United Airlines

Captains with collectively have over 600 years of service.  Throughout their

careers, Plaintiff-Petitioners have been routinely passed over for promotions that

were publicized and have witnessed non-African-Americans being tapped on the

shoulder for promotions that were unpublicized.

On May 29, 2012, Petitioners, filed the instant action in the Northern District

of California[1],  alleging  a company-wide corporate policy resulting in African-

Americans being systemically excluded from competing for management positions

at United Airlines California domiciles between May 2008 and May 2012,

identifying several classes of positions.

On April 13, 2015, the Court issued an Order to Show Cause ("OSC") in

---

1 *Johnson v. United Airlines, Inc.,* U.S.D.C. N.D. Cal. Case No. 12-cv-002370.

each in each of the twenty related cases (EOR 034 -EOR037), Ordering each

Petitioner to show cause why the allegations in his Fifth Amended Complaint

("5AC") concerning unposted assignments should not be stricken[2].

Throughout their careers, Petitioners have expressed a desire to be

considered for positions at United Airlines.  Each Petitioner witnessed the practice

of special assignments, a.k.a. temporary management positions, being given to

lesser-qualified non-African-Americans without posting the assignment.  (EOR

130, ¶ 7).  Each Petitioner alleges he was precluded from participating in the filling

of vacant special assignment positions on account of his race.  Each Petitioner

alleges United's policy and practice of not posting special assignments, includes

the following positions:

> (1) temporary and/or acting Flight Manager ("FO" and Captain); (2)
> Integration Subject Matter Experts ("SMEs"); (3) Human Factors
> Facilitators; (4) I-Pad Training/Trainer; (5) Sabre Training/Instructor; (6)
> Preferential Bidding System Training/Trainer; (7) Flight Operations
> Supervisor; (8) Acting Assistant Chief Pilot; (9) System Integration; (10)
> Change Management; (11) I-Pad Development; (12) Human Factors and
> Change Review; (13) Training Instructor and/or Program Planning; and, (14)
> Training Committee, with a corresponding increase in pay and pension
> contributions, from 2008 to the present in all domiciles.

(EOR 133-EOR-134, ¶ 20).  Each Petitioner alleges that Real Parties in Interest

used no formal procedures for posting notice regarding who would be offered

_____

2  As to a number of Petitioner, the Court's OSC was phrased in terms of
   "dismissal" instead of the striking of allegations related to unposted positions.

3

special assignment positions.  (EOR 034, EOR 131, 132).  Courts have recognized that informal and secretive procedures are suspect, both because important information may not be available to those individuals who are members of a protected class and because such procedures place no check on individual biases. *Keen v. D.P.T. Bus. Sch.*, 2002 U.S. Dist. LEXIS 232, *14 (E.D. Pa. Jan. 9, 2002). Therefore, a relaxation of the application element of the *prima facie* case is appropriate when an employer's promotion procedures are informal, secretive, and subjective.  *See EEOC v. Metal Serv. Co.*, 892 F.2d 341, 350 (3d Cir. 1990); *see also Roberts v. Gadsden Mem'l Hosp.*, 835 F.2d 793, 797 (11th Cir. 1988) ("[W]hen the failure to promote arises out of an informal, secretive selection process . . . a plaintiff may raise an inference of intentional, ***racially-disparate treatment without proving he technically applied for, and failed to obtain, the promotion***.") (***emphasis added***);  *see also Domingo v. New England Fish Co.*, 727 F.2d 1429, 1444-45 (9th Cir. 1984).

Furthermore, as the Court held in *Mauro v. Southern New England Telecommunications, Inc.,* 208 F.3d 384 (2d Cir. 2000), "the requirement [to show that he or she applied for the specific job at issue] does not apply where . . . the plaintiff indicated to the employer an interest in being promoted to a particular class of positions, but was unaware of specific available positions because the

4

employer never posted them." *Id.* at 387.  The Court continued that "[i]n such a situation, requiring the plaintiff to show that he or she applied for the specific jobs at issue would be unrealistic, as an employee by definition cannot apply for a job that he or she does not know exists." *Id.*  Accordingly, Petitioners are not precluded from challenging all unposted positions.  *See also Williams v. Giant Food, Inc.*, 370 F.3d 423 (4th Cir. 2004); *Claiborne v. Illinois C. Railroad*, 583 F.2d 143, 150-51 (5th Cir. 1978); *Box v. A & P Tea Co.*, 772 F.2d 1372 (7th Cir. 1985); *Paxton v. Union Nat'l Bank of Arkansas*, 688 F.2d 552 (8th Cir. 1982).

## ISSUES PRESENTED

1.      Did the District Court's reconsideration of its prior order without identifying the error contained in that prior order abuse its discretion?

2.      Does each Petitioner have to identify separate unique unposted positions in order for their claims to be plausible?

## RELIEF SOUGHT

Petitioners seek a writ of mandamus directing the District Court (1) to vacate its Amended Order Dismissing Claims With Leave To Amend  and (2) to enter an order identifying the precise scope and nature of its reconsideration of the June 27, 2014 Order Granting in Part and Denying In Part Motion to Strike and Granting in Part and Denying In Part Motion to Dismiss, so that the parties may have a clear

5

understanding of the state of the law of the case and plead accordingly.

## LEGAL STANDARD

This Court weighs five factors in determining whether to grant a writ of

mandamus under the All Writs Act, 28 U.S.C. § 1651:

> (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (3) The district court's order is clearly erroneous as a matter of law. (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules. (5) The district court's order raises new and important problems, or issues of law of first impression.

*Douglas v. U.S. Dist. Court*, 495 F.3d 1062, 1065-66 (9th Cir. 2007) (quoting

*Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977)) (internal

quotation marks omitted). Not every element of the mandamus standard must be

satisfied in order to warrant a writ. *Valenzuela–Gonzalez v. U.S. Dist. Court*, 915

F.2d 1276, 1279 (9th Cir. 1990) ("all five factors need not be satisfied at once").

"Exercise of [the Court's] supervisory mandamus authority is particularly

appropriate when an important question of law would repeatedly evade review

because of the collateral nature of the issue." *In re Cement Antitrust Litig.*, 688

F.2d 1297, 1304 (9th Cir. 1982).

# ANALYSIS

**A.   THE DISTRICT COURT HAS ARTICULATED TWO INCONSISTENT RULES OF PLEADING RELATED TO UNPOSTED POSITIONS.**

### 1.   The District Court Originally Ruled That Petitioners Must Identify Specific Positions Within A Class of Unposted Positions In Order to State A Claim For Race Discrimination

In October 2012, the District Court stated its understanding of Plaintiff's claims related to unposted postions and summarized the allegations as follows:

> I would have worked there if they had posted it.  If they had posted it, I would have applied for it.  And if I applied for it, I would have gotten it if I hadn't been discriminated against. That's the sort of domino effect they are relying on. If that does state a claim, then they have a viable claim.

(EOR 382 Dkt. # 39, Transcript, 26:9-14).  In all five of their Amended Complaints, Petitioners alleged that United refused to post management positions for categories of positions.  That position is contrary to prevailing Ninth Circuit law:  *Lyons v. England*, 307 F.3d 1092, 1101 (9th Cir. 2002) an *unposted promotions case* ("supervisors at NADNI frequently failed to advertise available details and to properly record their assignment.").   The Ninth Circuit notes that it "do[es] not require that a plaintiff prove that he applied for an available position when making a failure-to-promote claim against the employer if the trier of fact

7

could reasonably infer that promotions were not awarded on a competitive basis."
*Lyons v. England*, 307 F.3d 1092, 1114 (9th Cir. 2002)

The Respondent District Court previously held that"[t]o the extent such allegations are intended by plaintiffs to identify the unposted management positions on which they base their claims, the Court finds the allegations insufficient, as plaintiffs fail to provide therein sufficient notice as to the location of any position, the time frame in which any position was available".  (EOR 205, 4-18).

The District Court's ruling on unposted positions was inconsistent with *Mauro v. Southern New England Telecommunications, Inc.,* 208 F.3d 384 (2d Cir. 2000), wherein the court held that "the requirement [to show that he or she applied for the specific job at issue] does not apply where . . . the plaintiff indicated to the employer an interest in being promoted to a particular class of positions, but was unaware of specific available positions because the employer never posted them." *Id.* at 387.  The Court continued that "[i]n such a situation, requiring the plaintiff to show that he or she applied for the specific jobs at issue would be unrealistic, as an employee by definition cannot apply for a job that he or she does not know exists." *Id.*  Accordingly, Petitioners are not precluded from challenging all unposted positions.  See also *Williams*, 370 F.3d 423; *Claiborne*, 583 F.2d at 150-51; *Box,*

8

772 F.2d 1372; *Paxton*, 688 F.2d 552.

 *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126 (11th Cir. 1984), a promotions case is also instructive.  The Court held that although the plaintiff did not apply for the job in question "the plaintiff was not required to ask for that ***specific job***, because he had no way of knowing about its availability."  *Id*. at 1132 (***emphasis added***).  In *Carmichael*, just like the instant matters, the defendant employer "used no formal procedures for posting notice of available promotions or for determining who would be offered the promotion."  *Id*. at 1133. "Instead, the company relied on 'word of mouth' and informal review procedures."  *Id.*  The court stated "that such subjective procedures can lead to racial discrimination, both because important information may be available only to whites and because such procedures place no check on individual biases."  *Id*. (citations omitted).  The Court found that "[t]he failure to establish fixed or reasonably objective standards and procedures for hiring is a discriminatory practice."  *Id.* (citations and internal quotations omitted).  The Court further stated that requiring that a plaintiff "demonstrate an explicit expression of interest in ***specific jobs*** would also be at odds with the purposes of the prima facie case in analyzing evidence."  *Id.* (***emphasis added***).

 Accordingly, a plaintiff makes out a prima facie case-that is, he creates a presumption of discrimination and forces the employer to articulate

> legitimate reasons for his rejection-as long as he establishes that the company had some reason or duty to consider him for the post. The employer cannot avoid a Title VII violation by showing that it incorrectly assumed that the plaintiff was uninterested in the job. When the plaintiff had no notice of or opportunity to apply for the job, such a reason for rejection is "legally insufficient and illegitimate".   *Harris*, 712 F.2d at 1383-84.

*Id*. at 1133-34.  Here, the Respondent District Court did not give any explanation as to why it was requiring Petitioners to meet a heightened pleading standard related to unposted positions.  The District Court also failed to provide instructions as to why it was not going to follow the aforementioned caselaw which held that pleading a class of unposted positions as opposed to a list of specific positions within in a class is sufficient to state a claim for race discrimination.

Throughout these proceedings, Petitioners have consistently informed the District Court that they could not provide any further information regarding the specifics of promotions within classes of management positions because many of the unposted and special assignment positions were done under a veil of secrecy and that he was unaware of all specific available positions. (EOR 118, 81:-82:1). Courts have recognized that unposted -- informal and secretive procedures are suspect, both because important information may not be available to those individuals who are members of a protected class and because such procedures place no check on individual biases.  *Keen v. D.P.T. Bus. Sch.*, 2002 U.S. Dist. LEXIS 232, 3, 2002 WL 24434 (E.D. Pa. Jan. 9, 2002).

10

Based on the foregoing, Petitioners repeatedly asked the District Court to allow them discovery on the specifics of positions awarded in the various classes of management positions identified by the Petitioners and the District Court refused.  The Respondent Court refused to allow such discovery:

MR. SMITH: The plaintiffs would also like limited discovery on the promotions or assignments to management positions in the district that were not posted.

THE COURT: Well, I'm not going to give you a fishing expedition to find out if you have a case. The question is, if you come to court and you say, I've got a case, I know these things happened, then you better know them. Not say, I know they happened, then I get a bunch of discovery to find out if they did happen.

So if you're going to bring a lawsuit, bring someone into court, you have to know in advance. So you have to know all the things that your clients experienced. If they've heard there's a position that was filled, that it wasn't posted, and now you're telling me they never post them. That's an even harder, frankly, substantive burden to get over.

It's one thing to say you're supposed to post, and then to avoid giving it to someone who merits it because you don't like what race they are; you didn't post it, and gave it to a friend. That's one thing.

If their whole practice is never to post, then that's going to be a harder case to make because then there's nothing out of the ordinary.

Let me just put it that way. It's hard to say, hey, you didn't follow the rules, and the reason you didn't follow them is

11

because you're discriminating.

So, anyway, but that's another day. That's another day. And you may have all kinds of ammunition out there.

But getting back, the plaintiff has to know they either applied or they didn't, or they wanted to go and they would have once they heard that a position was out there, they can say that position was there, it wasn't filled, I didn't get it, I would have applied for it, I should have got it. Okay. That's everything in the plaintiffs' knowledge.

(EOR 388 – EOR 389,  32:9-33:16).

As stated in *Jones v. AIG Risk Management, Inc*. 726 F.Supp.2d 1049, 1055-56 (N.D.Cal. 2010) (Chen, J.) (cited with approval for this point in Arthur R. Miller, From Conley to Twombly to Iqbal: A Double Play on the Federal Rules of Civil Procedure, 60 Duke L.J. 1, 107 n.411 (2010)):

> The Court has the ability to permit such discovery even in the face of dismissal for failure to satisfy *Iqbal* and *Twombly* where, as here, relevant evidence is solely within the province of Defendants, leaving open the possibility of further amendment. Cf. *Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir.2010) (improper to discuss complaint where lack of specificity is due to facts plaintiff cannot know for certain without discovery); *Arocho v. Nafziger*, 367 Fed.Appx. 942, 954-55 (10th Cir.2010) (where facts known only by defendants, plaintiff should be afforded opportunity to amend pleadings); *Morgan v. Hubert*, 335 Fed.Appx. 466, 472 (5th Cir.2009) (plaintiff cannot be requested to plead facts peculiarly within the knowledge of defendants); *Tompkins v. LaSalle Bank Corp.*, 2009 U.S. Dist. LEXIS 110299, 2009 WL 4349532 (N.D.Ill. Nov. 24, 2009) (plaintiff should be afforded opportunity to conduct discovery into liability of parent corporation before summary judgment).

12

As the *Mauro* Court found, 208 F.3d 384 (2d Cir. 2000), "[i]n such a situation [where plaintiff is unaware of specific positions never posted by the employer], requiring the plaintiff to show that he or she applied for the specific jobs at issue would be unrealistic, as an employee by definition cannot apply for a job that he or she does not know exists." 208 F.3d at 387.   This is particularly true in cases where the required information is solely in the control of the Defendant[3].

2.   **The Respondent Court Changes Its Position On Requiring Specifics About Positions But Threatens To Disqualify Petitioners' Counsel If Petitioners Challenge The Same Positions.**

On April 13, 2015, the District Court performed an about-face from its previous rulings, and issued an Order to Show Cause in an attempt to overturn its previous Interlocutory Order which found that each Petitioner had stated claims for disparate treatment race discrimination related to unposted and special assignment positions.  The District Court stated in its OSC, "[i]n sum, aside from the allegations about the posted positions for which the plaintiff actually applied, the complaint is not clear about which conduct the plaintiff alleges was racially discriminatory as to him individually.  Therefore, the plaintiff is ordered to show cause why lengthy allegations in the Fifth Amended Complaint about unposted

---

3  Predismissal discovery is upheld if the complaint indicates a a plausible claim, particularly if the required information is solely in the hands of the Defendant (*Menard v. CSX Transp., Inc.* 698 F.3d 40, 45 (1st Cir. 2012), *Penalbert-Rosa v. Fortuno-Burset,* 631 F.3d 592, 596-597 (1st Cir. 2011).

managerial positions and unposted special assignment positions should not be

**stricken**."  (EOR 036, 16-20) (**emphasis added**).

Previously, the District Court, Hon. Maxine M. Chesney presiding, ruled

that striking allegations about unposted positions was improper.  On June 27 2014,

the District Court ruled in relevant part:

> [D]efendants seek an order striking "vague" allegations regarding
> plaintiffs' alleged failure to receive unposted management positions
> (see Defs.' Mot. to Strike at 7:1, 7:14 - 8:13); according to defendants,
> the challenged allegations fail to sufficiently identify any particular
> unposted management position. The Court finds the sufficiency of such
> allegations is not properly addressed by a motion to strike, but, rather,
> by a motion to dismiss. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618
> F.3d 970, 972-73 (9th Cir. 2010) (holding where defendant argues
> claim is "precluded as a matter of law," defendant must seek relief by
> way of motion to dismiss or for summary judgment, and not by way of
> motion to strike). Consequently, the Court, in addressing defendants'
> motion to dismiss, will consider, in that context, whether plaintiffs
> have sufficiently pleaded claims based on unposted management
> positions.

(EOR 203, 9-19).  After stating that these matters would be better resolved on a

motion to dismiss, the Court considered Defendants' arguments regarding unposted

positions and rejected them, ultimately finding that Plaintiff stated a cause of

action for disparate treatment concerning the unposted positions. (EOR 204 – EOR

205, 20:1-21:2)  The District Court's April 2015 Order to Show Cause did not

explain why the above-quoted ruling was erroneous, or why the Court would not

be adhering to its earlier instructions concerning the pleadings.

14

Under Rule 54(b), an interlocutory order is "subject to revision at any time the entry of judgment adjudicating all the claims and the rights and liabilities of the parties." Fed. R. Civ. Pro. 54(b); see also *In re Eagle Enters., Inc.,* 259 B.R. 73, 77 (E.D. Pa. 2001) (noting availability of a Rule 54(b) motion to reconsider an interlocutory order).  The standard for reconsideration under this rule has not been authoritatively established, but courts in the Ninth Circuit have adopted the standard set forth in *Motorola Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 583-86 (D. Ariz. 2003).  "In [*Motorola*], the court reviewed the local rules of those districts in the Ninth Circuit that had addressed the issue of reconsideration of interlocutory orders, and the court concluded the rules of the Central District of California 'capture the most common elements of the various local rules.'" *Stockamp & Assocs. v. Accretive Health*, 2005 U.S. Dist. LEXIS 43061, *17-18 (D. Or. Feb. 18, 2005) (quoting *Motorola*, 215 F.R.D. at 583-86). Accordingly, the District Court must consider the following:

1.    There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;

2.    There are new material facts that happened after the Court's decision;

3.    There has been a change in the law that was decided or enacted after

15

the Court's decision; or

4.    The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Stockamp & Assocs*, 2005 U.S. Dist. LEXIS 43061 at *18 (citing *Motorola*, 215 F.R.D. at 586).  Reconsidering and overturning previous interlocutory orders are generally "disfavored." *American Rivers v. NOAA Fisheries*, 2006 U.S. Dist. LEXIS 48195, *6 (D. Or. July 14, 2006)[4].

Despite being generally disfavored, the District Court *sua sponte* overturned its previous interlocutory orders.  When doing so, the District Court did not identify differences in fact or law of which it was not apprised in the exercise of reasonable diligence at the time of its decision.  The District Court also did not articulate that new material facts had arisen since the decision, or that there was a change in the applicable law.  The District Court ignored the prevailing standard and did not even attempt to make a "convincing showing" that the District Court previously "failed to consider material facts" before making prior interlocutory orders.

In its *sua sponte* OSC to dismiss Petitioners' claims of race discrimination

---

4  Northern District Local Rule 7-9(c) prohibits the repetition of argument in support of Motion for Reconsideration.  Defendants' Response to the Order to Show Cause presents no arguments that were not raised in previous motions and ruled upon by the District Court.

related to unposted positions, the District Court did state that it has reviewed the 5AC in each individual case, and was tentatively of the view that most of the allegations fail to state a claim for disparate treatment discrimination.  The District Court provided no authority for its positions, which are inconsistent with the rulings of *Keen*, 2002 U.S. Dist. LEXIS 232;  *Metal Serv. Co.*, 892 F.2d at 350; *Gadsden Mem'l Hosp.*, 835 F.2d at 797; *Carmichael*, 738 F.2d at 1133; *Suarez*, 229 F.3d at 54; *Mauro,* 208 F.3d 384; *Williams*, 370 F.3d 423; *Claiborne v. Illinois C. Railroad*, 583 F.2d 143, 150-51 (5th Cir. 1978); *Box v. A & P Tea Co.*, 772 F.2d 1372 (7th Cir. 1985); *Paxton v. Union Nat'l Bank of Arkansas*, 688 F.2d 552 (8th Cir. 1982).

In its *sua sponte* OSC, the District Court articulated a concern that "the complaint also contains lengthy allegations about 'unposted managerial positions' and unposted 'special assignment positions.'"  (EOR 035, 3-4).  "Absent from the complaint, however, is an allegation that United deliberately decided not to 'post' these managerial and special assignment positions out of a desire to prevent African Americans from applying for the positions."  (*Id.*,  18-20).

The District Court stated it is confused by the allegations in Plaintiff's 5AC in relevant part because:

> The allegation that United "precluded" the plaintiff from"participating"
> in the "filling" of  every unposted management position or unposted

special assignment position available throughout the country does not appear to state a claim for disparate treatment discrimination, because the allegation is too vague. How did United "preclude" the plaintiff from "participating" in the "filling" of positions? Does the plaintiff mean to allege that he sought out every promotional opportunity listed in the complaint, and that in every instance the applicable decisionmaker at United denied him the promotion because of his race? If so, that seems implausible on its face.

Or does the plaintiff mean to allege that the failure to post the positions "precluded" him from applying in the first place? If so, that doesn't sound like disparate treatment discrimination (at least without an allegation that the practice of not posting the promotional opportunities was itself intended to prevent African Americans from learning about them). Perhaps the plaintiff means instead to allege there was a particular unposted promotion (or there were particular unposted promotions) that he sought out, where the decisionmaker (or decisionmakers) rejected him because of his race.

(EOR 035 – EOR 036, 2:26-3:11).  It is well-established that intent can be inferred

from disparate treatment, statistical disparities, and other circumstantial evidence.

*Domingo vs. New England Fish Company*, 727 F.2d 1429 (9th Cir. 1984).  Each of

Petitioners' 5ACs contained those allegations (EOR 129 – EOR 143)

At the hearing on the District Court's *sua sponte* OSC the District Court

stated "And the language that you quote to me is, "They don't have to apply where

the plaintiff indicated to the employer an interest in being promoted to a particular

class of positions but was unaware of specific available positions because the

employer never posted them". (EOR 012, 12-17)   The District Court noted that

classes of positions, not particular positions themselves were the touchstone for

18

Plaintiff's unposted positions allegations   (EOR 022, 16-23)

On May 22, 2015 the District Court entered an Order Dismissing Claims With Leave to Amend.  (EOR 004)  That Order dismissed Petitioners' entire complaint, identifying none of the "implausibility" references the Court had made during oral arguments previously, but basing it on a claim that the 5AC insufficiently plead Petitioner's interests in promotions.  *Id.*  This Order set a deadline of June 12, 2015 for Petitioners to file a Sixth Amended Complaint.   On June 11, 2015, the District Court entered an Amended Order Dismissing Claims With Leave to Amend, reducing the scope of the order to only the allegations of unposted positions, leaving Petitioners 24 hours to amend their pleadings.  (EOR 001).

The District Court also warned Petitioners' counsel if there were any overlaps in positions challenged by the Petitioners, Petitioner's counsel could be disqualified.  (EOR 015 – EOR 026, 11:2-22:12)

### B.   EACH PETITIONER WILL BE DAMAGED AND PREJUDICED IN HIS ABILITY TO SEEK RELIEF UNDER TITLE VII.

As the foregoing demonstrates, Petitioners are unable to determine the parameters of the law of the case in this matter, due to the lack of specificity in the Court reconsidering its prior orders, while simultaneously warning that further

19

pleading of the precise positions identified previously by the Court as having stated claims, will result in the disqualification of counsel. Given this procedural posture, Petitioners cannot determine what the law of the case is, and without that understanding cannot frame their amended complaints with any assurance that they will be adhering to the law of the case. The potential resulting loss of claims will escape review, as any claims or particular instances of promotions not included by a Petitioner—based upon the District Court's statements concerning the disqualification of counsel—will be unreviewable on appeal.

## CONCLUSION

The extraordinary remedy of mandamus is required to correct the Respondent Court's clearly erroneous rulings that have created a wholly uncertain state of the law of the case. By not identifying the errors in the Court's previous rulings that Petitioners had stated claims, the Respondent Court has made it impossible for Petitioners to understand what remains after the three years of rulings made by the Respondent Court prior to severing these matters into individual cases.

For the foregoing reasons, Petitioner requests that Mandamus issue directing the Respondent Court to vacate its Amended Order Dismissing Claims With Leave to Amend and remanding with instructions to require the Respondent

20

Court to enter an Order requiring Defendants to answer the Fifth Amended

Complaint and to Enter a Case Management Order.

Respectfully submitted, this 12th day of June, 2015     SMITH PATTEN

                                                          __/s/  Spencer Smith___
                                                          SPENCER SMITH
                                                          DOW W. PATTEN
                                                          Attorneys for Petitioners

21

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this petition complies with the page limitations of Fed. R. App. 21(d), and that this petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Open Office in 14-point Times New Roman type.


_____*/s/ Dow W. Patten*____

Dow W. Patten

22

## STATEMENT OF RELATED CASES

The following Cases have been related to this matter pursuant to Local Rule of the Northern District of California and Order of the District Court for the Northern District of California, all of whom were severed from the original action first noted below:

| | |
|---|---|
| *Johnson et al v. United Continental Holdings, Inc. et al* | 3:12-cv-02730-VC |
| *Ecung v. United Air Lines Inc et al* | 3:15-cv-00456-VC |
| *Miller v. United Air Lines, Inc. et al* | 3:15-cv-00457-VC |
| *Palmer v. United Air Lines Inc et al* | 3:15-cv-00458-VC |
| *Noble v. United Air Lines, Inc. et al* | 3:15-cv-00461-VC |
| *Jones v. United Airlines, Inc. et al* | 3:15-cv-00462-VC |
| *Robinson v. United Air Lines Inc et al* | 3:15-cv-00463-VC |
| *Roane v. United Air Lines, Inc. et al* | 3:15-cv-00464-VC |
| *Ricketts v. United Air Lines Inc et al* | 3:15-cv-00465-VC |
| *Tom v. United Airlines, Inc. et al* | 3:15-cv-00466-VC |
| *Crocker v. United Airlines, Inc. et al* | 3:15-cv-00468-VC |
| *Manswell v. United Air Lines, Inc. et al* | 3:15-cv-00469-VC |
| *Minter v. United Air Lines Inc et al* | 3:15-cv-00470-VC |
| *Washington v. United Air Lines, Inc. et al* | 3:15-cv-00471-VC |

| | |
|---|---|
| *Wilson v. United Air Lines, Inc. et al* | 3:15-cv-00472-VC |
| *Sherman v. United Air Lines, Inc. et al* | 3:15-cv-00473-VC |
| *Haney v. United Airlines, Inc. et al* | 3:15-cv-00474-VC |
| *John v. United Air Lines, Inc. et al* | 3:15-cv-00475-VC |
| *Briscoe v. United Airlines Inc et al* | 3:15-cv-00476-VC |
| *Hartsfield v. United Air Lines, Inc. et al* | 3:15-cv-00477-VC |
| *Gadson v. United Air Lines, Inc. et al* | 3:15-cv-00460-VC |
| *Montgomery v. United Air Lines, Inc. et al* | 3:15-cv-00459-VC |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Petition for Writ of Mandamus with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit on June 12, 2015.

I certify as well that on that date I caused a copy of this Petition for Writ of Mandamus to be served on the following counsel registered to receive electronic service.  I also caused a copy to be served on counsel via electronic mail.

> Donna D. Melby, Esq. (donnamelby@paulhastings.com)
>  Phone: (213) 683-5573
> Jennifer S. Baldocchi, Esq. (jenniferbaldocchi@paulhastings.com)
>  Phone: (213) 683-6000
> Ji Hae Kim, Esq. (jihaekim@paulhastings.com)
>  Phone: (213) 683-6163
> Melinda A. Gordon, Esq. (melindagordon@paulhastings.com)
>  Phone: (213) 683-6000
> PAUL HASTINGS LLP
> 515 S. Flower St., 25th Floor
> Los Angeles, CA 90071

> _/s/ Dow W. Patten_
> SPENCER F. SMITH, ESQ.
> DOW W. PATTEN, ESQ.
> Attorneys for Plaintiff-Petitioners